*Michael Huerta*
*1 World Trade Center, Ste. 8500*
*New York, NY  10007*
*Attorneys for Debtor/Plan Proponent*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ROSA PEREZ,<br><br><div align="right">Debtor(s).</div> | Chapter 11 Proceedings<br><br>Case No. _1-16-40058__ [1]<br><br>**CHAPTER 11 PLAN OF REORGANIZATION DATED**<br>_____ [2] |

Debtor(s)  ROSA PEREZ,[3] by and through its (their) undersigned counsel, respectfully submit(s) the *Chapter 11 Plan of Reorganization Dated* May 23, 2016 [4] pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), in the form  attached  hereto and made a part hereof.

_____

February 2015

# TABLE OF CONTENTS

I. INTRODUCTION ..............................................................................................................

II. DEFINITIONS...............................................................................................................

III. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

    A. Non-Voting Classes...............................................................................................
        1. Administrative Expenses and Fees...........................................................
        2. Priority Tax Claims .................................................................................
    B. Classified Claims and Interests.............................................................................
        1. Classes of Secured Claims ......................................................................
        2. Priority Non-Tax Claims..........................................................................
        3. Class of General Unsecured Claims.........................................................
    C. Acceptance or Rejection of Plan............................................................................
    D. Means of Effectuating the Plan .............................................................................
        1. Funding for the Plan.................................................................................
        2. Post-Confirmation Management ..............................................................
        3. Disbursing Agent.....................................................................................

IV. TREATMENT OF MISCELLANEOUS ITEMS .......................................................
    A. Executory Contracts and Unexpired Leases..........................................................
        1. Assumptions ............................................................................................
        2. Rejections ...............................................................................................
    B. Changes in Rates Subject to Regulatory Commission Approval ..........................
    C. Retention of Jurisdiction.......................................................................................
    D. Procedures for Resolving Contested Claims .........................................................
    E. Notices under the Plan ..........................................................................................

V. EFFECT OF CONFIRMATION OF PLAN ................................................................
    A. Discharge ............................................................................................................
    B. Revesting of Property in the Debtor .....................................................................
    C. Modification of Plan ............................................................................................
    D. Post-Confirmation Conversion/Dismissal............................................................
    E. Post-Confirmation Quarterly Fees........................................................................

February 2015

## I.    INTRODUCTION.

ROSA PEREZ_[5]("Debtor") is the debtor in a Chapter 11 bankruptcy case.  On  January 7, 2016 debtor commenced a bankruptcy case by filing a Chapter 11 Petition.  This document is the Chapter 11 plan ("Plan") proposed by Debtor ("Proponent").  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District Arizona (the "Court"), and which is provided to help you understand the Plan.  This is a reorganizing plan.  The Proponent seeks to accomplish payments under the Plan by virtue or rental and real estate income.  The Effective Date of the proposed  Plan  is June 1, 2016.

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of Claims or Interests is Impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan.

## II.    DEFINITIONS.

**Scope of Definitions.** For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan.  In all references herein to any parties, Persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

───────────────────────

February 2015

1.      **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and Confirmation of this Plan.

2.      **Allowed** when used as an adjective preceding the word "Claims" shall mean any Claim of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim against such Debtor, or, if no proof of claim is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim from and after the Petition Date.

3.      **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

4.      **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of Arizona having jurisdiction over the Chapter 11 Case and, to the extent of any

reference made pursuant to 28 U.S.C. § 158, the unit of such District Court constituted pursuant to 28 U.S.C. § 151.

5.    **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. § 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

6.    **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in Bankruptcy Code § 101(5).

7.    **Class** shall mean a grouping of substantially similar Claims for common treatment thereof pursuant to the terms of this Plan.

8.    **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

9.    **Creditor** shall mean any Person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in Bankruptcy Code §§ 502(g), 502(h) or 502(i). This includes all Persons, corporations, partnerships, or business entities holding claims against the Debtor.

10.    **Debt** means, refers to and shall have the same meaning ascribed to it in Bankruptcy Code § 101(12).

11.    **Disbursing Agent** shall mean Ernesto J. Perez or any party appointed by and subject to Court approval, which shall effectuate this Plan.

_____

February 2015

consideration to be distributed to holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order.

12.     **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Bankruptcy Code §1125 *et seq*.

13.     **Effective Date** shall mean the day on which the Confirmation Order becomes a Final Order.

14.     **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court, which not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

15.     **Impaired** when used as an adjective preceding the words "Class of Claims", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

16.     **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

17.     **Petition Date** shall mean the date on which the Debtor filed this petition for relief commencing the Chapter 11 Case.

18.     **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

19.     **Priority Non-Tax Claim** shall mean a Claim entitled to priority under Bankruptcy Code §§ 507(a)(2),(3), (4), (5), (6) or (7), but only to the extent it is entitled to priority in payment under any such subsection.

20.     **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

February 2015

21.     **Priority Tax Claim** shall mean any Claim entitled to priority in payment under Bankruptcy Code § 507(a)(8), but only to the extent it is entitled to priority under such subsection.

22.     **Proceedings** shall mean the Chapter 11 Case of the Debtor.

23.     **Professional Person** means and refers to attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Bankruptcy Code §§ 327, 328, 330, or 503(b).

24.     **Reorganized Debtor** means the Debtor after Confirmation of the Plan.

25.     **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section Bankruptcy Code § 506(a).

26.     **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a Secured Claim pursuant to Bankruptcy Code § 506, as modified by Bankruptcy Code § 1111(b), or (ii) a Claim entitled to priority under Bankruptcy Code §§ 503 or 507.  "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

27.     **Other Definitions,** a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto, "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan.  Moreover some terms defined herein are defined in the section in which they are used.

III.    **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS.**

A.    **Non-Voting Classes.**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered Impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

### 1.    Administrative Expenses and Fees

Administrative Expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code § 503(b).  Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case.

The Bankruptcy Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. Bankruptcy Court Approval of Professional Compensation and Expenses Required: The Bankruptcy Court must approve all professional compensation and expenses. Each Professional Person requesting compensation in the case pursuant to Bankruptcy Code §§ 327, 328, 330, 331, 503(b) or 1103 shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit each Professional Person from requesting interim compensation during the course of this case pending Confirmation of this Plan.  No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

### 2.    Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Bankruptcy Code § 507(a)(8). The Bankruptcy Code requires, and thus this Plan provides, that each holder of such a Bankruptcy Code § 507(a)(8) priority tax claim

receives the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

**B.**    **Classified Claims and Interests.**

**1.**    **Classes of Secured Claims**

Secured Claims are claims secured by liens on property of the estate.

The following represent all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

### Property to Be Surrendered

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

Debtor will surrender the above collateral on the Effective Date of the Plan.  The Confirmation Order will constitute an order for relief from stay.  Any Secured Claim is satisfied in full through surrender of collateral.  Any deficiency claim is a general Unsecured Claim treated in Part (B)(3) below.  These Secured Claims are not Impaired and are not entitled to vote.

### Property to Be Sold

| Class | Name of Creditor | Description of Collateral | Value of Collateral | Payment Terms |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

Debtor will sell the above collateral after the Effective Date of the Plan.  Any Secured Claim will be satisfied in full through sale of the collateral.  Any deficiency claim is a general Unsecured Claim treated in Section (B)(5) below.  These Secured Claims are Impaired and are entitled to vote.

February 2015

### Creditors' Rights Remain Unchanged

| Class | Name of Creditor | Description of Collateral | Payment Terms |
|-------|------------------|--------------------------|---------------|
|  | **Emigrant Mortgage** | **Primary Residence** | **$4510.22/month** |
|  | **Levites Family, LP** | **Primary Residence** | **$4168.67/month** |

These Creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. Creditors in these classes shall retain their interest in the collateral until paid in full. **These Secured Claims are not Impaired and are not entitled to vote on Confirmation of the Plan**.

### Debtor to Make Regular Payments and Pay Arrears over Time

| Class | Name of Creditor | Description of Collateral | Payment Terms |
|-------|------------------|--------------------------|---------------|
|  |  |  |  |
|  |  |  |  |

**These Secured Claims are Impaired and entitled to vote on Confirmation of the Plan**.

### Debtor to Strip Lien to Value of Collateral and Pay over Time

| Class | Name of Creditor | Description of Collateral | Payment Terms |
|-------|------------------|--------------------------|---------------|
|  |  |  |  |
|  |  |  |  |

**Debtor contends the value of the collateral is less than the amount of the claim. Debtor will pay as a secured claim the amount equal to the value of the collateral as established by Court Order or stipulation. Debtor will pay the above secured claim in full with interest from the Effective Date of the Plan through ____**

equal payments. Payments will be due on the __ day of the month, starting ___. Any remaining amount due is a general unsecured creditor claim treated in Section (B)(5) below. These Claims are Impaired and entitled to vote on Confirmation of the Plan.

### Debtor to Strip Lien

| Class | Name of Creditor | Description of Collateral | Payment Terms |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

Any claim of a creditor whose lien is stripped is a general unsecured creditor claim treated in Section (B)(5) below. These Claims are Impaired and entitled to vote on Confirmation of the Plan.

### Debtor to Adjust Terms and Pay Amount in Full over Time

| Class | Name of Creditor | Collateral | Amount Due / | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

These Claims are Impaired and entitled to vote on Confirmation of the Plan.

**2.** Bankruptcy Code **§ 1111(b) Analysis**

**Deadline for § 1111(b) Election**. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan. If any of the above-referenced Classes of Secured Creditors with claims secured by a lien on property of the estate make the Bankruptcy Code § 1111(b) election, then the following terms apply instead of those stated above:

| Class | Name of Creditor | Description of | § 1111(b) |
|---|---|---|---|

February 2015

| | | Collateral | Payment Terms |
|---|---|---|---|
| | | | |
| | | | |

**These Claims are Impaired and entitled to vote on Confirmation of the Plan**.

### 3. Priority Non-Tax Claims

Certain priority non-tax claims that are referred to in Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment. These claims are to be treated as follows:

***There may need to be a separate class for different categories of Non-Tax Priority Claims since they may receive different treatment under the Plan. See 11 U.S.C. § 1129(a)(9)(B)(i) and (ii).***

| Class | Name of Creditor | Payment Terms |
|---|---|---|
| | | |
| | | |

**These Claims are Impaired and entitled to vote on Confirmation of the Plan.**

### 4. Priority Tax Claims

**Priority tax claims are claims of governmental units for certain income, employment and other taxes described under Bankruptcy Code § 507(a)(8). These Claims are entitled to priority and must be paid pursuant to Bankruptcy Code § 1129(a)(9)(C)-(D). These Claims are to be treated as follows:**

| Class | Name of Creditor | Payment Terms |
|---|---|---|
| | | |
| | | |

**These Claims are Impaired and entitled to vote on Confirmation of the Plan.**

February 2015

### 5.    Class of General Unsecured Claims

General unsecured Claims are unsecured Claims not entitled to priority under Bankruptcy Code § 507(a). These claims are to be treated as follows:

| Class | Name of Creditor | Payment |
|---|---|---|
| | **All General Unsecured** | **Pro Rata through Plan** |
| | | |

Under Bankruptcy Code § 1129(a)(15), if an unsecured creditor objects to Confirmation, an individual debtor must either pay he present value of that Unsecured Claim in full or make distributions under the Plan totaling at least the value of the Debtor's net disposable income over the greater of: (i) five years; or (ii) the period for which the plan provides payments.  Bankruptcy Code § 1129(a)(15), however, should be read and applied in conjunction with Bankruptcy Code § 1123(a)(4), which provides that Plan must provide the same treatment for each claim in the particular class. **These Claims are Impaired and entitled to vote on Confirmation of the Plan.**

### 4.    Cramdown and Absolute Priority Rule

If a Class of Creditors does not accept the plan, the Debtor will seek to obtain Confirmation through the cramdown provisions of Bankruptcy Code § 1129(b). This means that the plan must be fair and equitable to the class that does not accept the plan. The definition of whether the plan is fair and equitable may be found in Bankruptcy Code § 1129(b).

The balance of this section only applies if a Class of Unsecured Claims does not accept the Plan.  In that instance, the Debtor seeks Confirmation of the Plan pursuant to Bankruptcy Code § 1129(b).  The law is unclear whether the Absolute Priority Rule would apply in this individual Chapter 11 case.  The Absolute Priority Rule is contained in Bankruptcy Code § 1129(b)(2)(B). If a Class of Unsecured Claims has not voted to

accept the Plan, the Absolute Priority Rule provides that the Debtor may not retain property unless the holders of claims in the class are paid in full.

If a class of Unsecured Claims does not accept this plan, the Debtor will (mark all that apply):

_____    Allege that the Absolute Priority Rule does not apply in a Chapter 11 case in which the debtors are individuals.

_____    Withdraw this Plan.

_____    Sell or surrender all of their non-exempt property and pay any resulting proceeds to their creditors.

_____    Increase the distribution to the holders of Unsecured Claims such that each holder is paid in full.

_____    Other.  Describe:_____

_____

**C.**    **Acceptance or Rejection of Plan.**

Each Impaired class of Creditors with claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan.

In the event that any Impaired class of Creditors or Interest holders shall fail to accept the Plan in accordance with Bankruptcy Code § 1129(a), the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Bankruptcy Code § 1129(b).

**D.**    **Means of Effectuating the Plan.**

**1.**    **Funding for the Plan**

The Plan will be funded as follows:

☐  $_____ of cash available on the Effective Date;

☐ A sale of property(ies) identified in the Disclosure Statement which is estimated to produce net proceeds of $_____ no later than (*date*);

☐ projected net/disposable income of not less than $_____ per month for a term of _____ months as calculated and set forth in greater detail in the Disclosure Statement at Exhibit 4; and/or

**x** other sources of funding in the amount of $ 300,000, to be paid

☐ in whole on the Effective Date;

**x** in whole no later than <u>August </u>1, 2016;

☐ in partial amounts not less than $ _____ per month for a term of _____ months,

as further detailed and explained in the Disclosure Statement.

### 2. Feasibility

The Effective Date feasibility of Debtor's plan is analyzed in Exhibit 5.

### 3. Liquidation Analysis

An analysis of the liquidation values and expenses is attached as Exhibit 2

February 2015

### 2.    Disbursing Agent

Ernesto J. Perez ("Disbursing Agent") shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive no compensation, only reimbursement for expenses incurred pursuant to the Plan.

## IV.    TREATMENT OF MISCELLANEOUS ITEMS.

### A.    Executory Contracts and Unexpired Leases.

#### 1.    Assumptions

The following are the unexpired leases and executory contracts to be assumed as obligations of the Reorganized Debtor under this Plan:

**Executory Contracts and Unexpired Leases Assumed**

| Counterparty | Description of Agreement | Payment Terms |
|---|---|---|
|  |  |  |
|  |  |  |

**Executory Contracts and Unexpired Leases Rejected**

| Counterparty | Description of Agreement |
|---|---|
|  |  |
|  |  |

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the Reorganized Debtor. The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above. If you are a party to a lease or contract to be assumed and

16

you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the Confirmation of the Plan.

### 2.    Rejections

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected.  The Order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the Confirmation of the Plan. See Disclosure Statement for the specific date.  **THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS September 1, 2016**.  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

### 3. Disputed Claims Reserve

Debtor disputes the following claims:

| Class | Name of Creditor | Amount According to Creditor | Amount According to Debtor |
|-------|-----------------|------------------------------|----------------------------|
|       |                 |                              |                            |
|       |                 |                              |                            |

Debtor must create a reserve for disputed claims in the amount of the claim unless the claim is estimated for distribution in a different amount under 11 U.S.C. § 502(c). Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place

February 2015

into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. Debtor must file objections to disputed claims no later than 180 days after entry of the confirmation order. If a disputed claim becomes an allowed claim, Debtor must immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve must be returned to Debtor.

### C.    **Retention of Jurisdiction**.

The Bankruptcy Court shall retain jurisdiction of this case pursuant to the provisions of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Bankruptcy Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Bankruptcy Code § 1142(a)-(b). If the Bankruptcy Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the Reorganized Debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

### D.    **Procedures for Resolving Contested Claims**.

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims or interests, the Disbursing Agent will hold in a

separate interest bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor's schedules or the filed proof(s) of claim.

### E.    Notices under the Plan.

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to: Michael Huerta, Esq.

## V.  EFFECT OF CONFIRMATION OF PLAN.

### A.    Discharge.

This Plan provides that upon Confirmation of the Plan, Debtor shall be discharged of liability for payment of debts incurred before Confirmation, to the extent specified in 11 U.S.C. § 1141. However, any liability imposed by the Plan will not be discharged. If Confirmation of this Plan does not occur, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or its estate or any other Persons, or to prejudice in any manner the rights of the Debtor or its estate or any Person in any further proceeding involving the Debtor or its estate.  The provisions of this Plan shall be binding upon Debtor and all Creditors, regardless of whether such Claims are Impaired or whether such parties accept this Plan, upon Confirmation thereof.

### B.    Revesting of Property in the Debtor.

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the Plan, the Confirmation revests all of the property of the estate in the Debtor.

### C.    Modification of Plan.

February 2015

The Proponent of the Plan may modify the Plan at any time before Confirmation. However, the Court may require a new disclosure statement or revoting on the Plan if Proponent modifies the Plan before Confirmation. The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.

### D.    Post-Confirmation Conversion/Dismissal.

A creditor or party in interest may bring a motion to convert or dismiss the case under Bankruptcy Code § 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

### E.    Post-Confirmation Quarterly Fees.

Quarterly fees pursuant to 28 U.S.C. § 1930 (a)(6) continue to be payable to the office of the United States trustee post-Confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

DATED this 23rd day of May , 2016

By: _____

**Exhibit 1 - Events that Led to Bankruptcy, Significant Events that Have Occurred During the Bankruptcy, and Summary of Plan.**

February 2015

**Exhibit 2** – **Liquidation Analysis: What Creditors Would Receive if the Case Were Converted to a Chapter 7.**

Real Property #1: 334 49th St., Brooklyn, New York

| Fair Market Value | Liens | Cost of Sale | Resulting Tax | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 1,046,241 | $520,000 | $82,774.46 | $10,462.41 | $155,675.00 | $27,329.13 |
| | $250,000 | | | | |
| | | | | | |

Real Property #2: 641A Baltic St., Brooklyn, New York

| Fair Market Value | Liens | Cost of Sale | Resulting Tax | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $1,200,000.00 | | $72,000.00 | $12,000.00 | $0 | $1,116,000.00 |
| | | | | | |
| | | | | | |

Real Property #3: [Insert Address]

| Fair Market Value | Liens | Cost of Sale | Resulting Tax | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

Real Property #4: [Insert Address]

| Fair Market Value | Liens | Cost of Sale | Resulting Tax | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

February 2015

**Exhibit 2** (continued) – Liquidation Analysis: What Creditors Would Receive if the Case Were Converted to a Chapter 7.

Personal Property:

| Description | Liquidation Value | Secured Claim | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $50.00 | | | |
| Automobile #1 | | | | |
| Automobile #2 | | | | |
| Household Furnishings | $800.00 | | | |
| Jewelry | $300.00 | | | |
| Equipment | | | | |
| Stocks / Investments | | | | |
| Other Personal Property | | | | |
| TOTAL | $1,150.00 | | | |

Summary:

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $1,144.479.13 |
| Recovery from Preferences / Fraudulent Conveyances　　　　　[ADD] | |
| Chapter 7 Trustee Fees　　　　　[SUBTRACT] | $114,447.91 |
| Chapter 7 Trustee's Professionals　　　　　[SUBTRACT] | |
| Other Chapter 7 Liabilities　　　　　[SUBTRACT] | $750,000.00 |
| Unpaid Chapter 11 Liabilities　　　　　[SUBTRACT] | |
| Priority Claims　　　　　[SUBTRACT] | |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $124,031.22 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $94,932.64 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 100　% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 100　% |

February 2015

**Exhibit 3** – **Summary of Monthly Operating Reports ("MOR").**

| Month | MOR ECF# | Receipts | Distributions | Net |
|---|---|---|---|---|
| 1 | | $ | $ | $ |
| 2 | | $ | $ | $ |
| 3 | | $ | $ | $ |
| 4 | | $ | $ | $ |
| 5 | | $ | $ | $ |
| 6 | | $ | $ | $ |
| 7 | | $ | $ | $ |
| 8 | | $ | $ | $ |
| 9 | | $ | $ | $ |
| 10 | | $ | $ | $ |
| 11 | | $ | $ | $ |
| 12 | | $ | $ | $ |
| | | _____ | _____ | _____ |
| Average: | | $ | $ | $ |

February 2015

**Exhibit 4** **– Projected Post-Confirmation Monthly Income & Expenses.**

| Income | Debtor | Spouse |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions | | |
| 2. Estimated monthly overtime | | |
| 3. SUBTOTAL | | |
| 4a. Payroll taxes and social security | | |
| 4b. Insurance | | |
| 4c. Union dues | | |
| 4d. Other (Specify): | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | |
| 7. Regular income from operation of business or profession | | |
| 8. Income from real property | | |
| 9. Interest and dividends | | |
| 10. Alimony, maintenance or support payments | | |
| 11. Social security or government assistance (Specify): | | |
| 12. Pension or retirement income | | |
| 13. Other monthly income (Specify): | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15. TOTAL MONTHLY INCOME (Add line 6 and line 14) | | |
| A. TOTAL COMBINED MONTHLY INCOME | | |

February 2015

**Exhibit 4 ( continued) – Projected Post-Confirmation Monthly Income & Expenses.**

| Expenses | Amount |
|---|---|
| 1. Rent or home mortgage (include lot rented for mobile home) | |
| 1a. Are real estate taxes included?  Yes [  ]  No [  ] | |
| 1b. Is property insurance included?  Yes [  ]  No [  ] | |
| 2a. Utilities: Electricity and heating fuel | |
| 2b. Utilities: Water and sewer | |
| 2c. Utilities: Telephone | |
| 2d. Utilities: Other | |
| 3. Home maintenance (repairs and upkeep) | |
| 4. Food | |
| 5. Clothing | |
| 6. Laundry and dry cleaning | |
| 7. Medical and dental expenses | |
| 8. Transportation | |
| 9. Recreation, clubs, entertainment, newspapers, magazine, etc. | |
| 10. Charitable contributions | |
| 11a. Insurance: Homeowner's or renter's | |
| 11b. Insurance: Life | |
| 11c. Insurance: Health | |
| 11d. Insurance: Auto | |
| 11e. Insurance: Other | |
| 12. Taxes: (not deducted from wages or included in home mortgage) | |
| 13a. Installment payments: Auto (Do not list payments included in Plan) | |
| 13b. Installment payments: Other (Do not list payments included in Plan) | |
| 14. Alimony, maintenance, and support paid to others | |
| 15. Payments for support of dependents not living at your home | |
| 16. Regular expenses from operation of business or profession | |
| 17. Other | |
| B. TOTAL MONTHLY EXPENSES | |

February 2015

| C. Disposable Income (Line A - Line B) | |
|---|---|

**Exhibit 4 ( continued) – Projected Post-Confirmation Monthly Income & Expenses.**

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | |
| Priority Claims | |
| General Unsecured Creditors | |
| [OTHER PLAN PAYMENTS - DESCRIBE] | |
| D. Total Plan Payments | |

| E. Plan Feasibility (Line C - Line D)<br>(Not feasible if less than zero) | |
|---|---|

February 2015

**Exhibit 5 - Effective Date Feasibility.**

Can the Debtor Make the Effective Date Payments?

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | - |  |
| Payments Required on Effective Date | - | - |
| Administrative Expense Claims |  | - |
| Priority Claims |  |  |
| Small Claims (Class 3(a)) |  | - |
| U.S. Trustee Fees |  | - |
| Other |  | - |
| B. Total Payments on Effective Date | - |  |
| C. Net Cash on Effective Date (Line A - Line B)<br>(Not feasible if less than zero) | - |  |

28

**Exhibit 6 - Investment Property Analysis.**

**Properties with Positive Monthly Cash Flow:**

Real Property #1 Income: 334 49th Street

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses[20] | Net Income |
|---|---|---|---|---|---|
| $4900.00 | $4510.22 | | | | |
| | $4000.00 | | | | |
| | 3rd | | | | |

[*ADD ADDITIONAL TABLES FOR ADDITIONAL REAL PROPERTY*]

Real Property #2 Income: [*INSERT ADDRESS*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

| A. Total Positive Cash Flow | |
|---|---|
| | |

**Properties with Negative Monthly Cash Flow:**

Real Property #3 Income: [*INSERT ADDRESS*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

February 2015

**Exhibit 6** **(continued) - Investment Property Analysis.**

Real Property #4 Income: [*INSERT ADDRESS*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

| B. Total Negative Cash Flow | |
|---|---|
| | |