UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

ROSA PEREZ,



                                        Debtor.
-----------------------------------------------------------x

**Hearing Date: August 31, 2016,**
**Hearing Time: 2:30 p.m.**


Chapter 11

Case No. 16-40058 (CEC)


# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 11 CASE OR, IN THE ALTERNATIVE, CONVERT CHAPTER 11 CASE TO CHAPTER 7


**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE**
**FOR REGION 2**
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255


Rachel B. Weinberger, Esq.
Of Counsel

1

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), dismissing the chapter 11 case of Rosa Perez (the "Debtor") or, in the alternative, converting the Debtor's chapter 11 case to one under chapter 7.

## I.  INTRODUCTION

The Debtor's case should be dismissed because there are continuing losses to the estate as the Debtor continues to accrue administrative expenses, and the Debtor has insufficient income to fund a plan of reorganization.  In addition, by virtue of the Debtor's failure to obtain sufficient funding to cure arrears on her primary residence, there is no likelihood of rehabilitation. Accordingly, cause exists to convert or dismiss the case under section 1112(b)(4)(A).  In addition, the Debtor has failed to file complete monthly operating reports for February 2016 through June 2016, and has not paid outstanding United States Trustee Quarterly Fees which constitutes additional cause for dismissal under sections 1112(b)(4)(F) and (K).  The Debtor does not appear to have any unencumbered assets to be liquidated, and the Debtor's secured creditors will be able to exercise its state law remedies against the Debtor outside of bankruptcy.  The Court should, therefore, dismiss this case.

## II.  STATEMENT OF FACTS

**Procedural History**

1.      On January 7, 2016 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  ECF Doc. No. 1.

2.      The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case.  <u>See</u> Declaration of Rachel B. Weinberger in Support of the Motion (the "Weinberger Decl."), dated August 5, 2016, ¶ 3.

3.      The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of his assets as a debtor-in-possession.  <u>See</u> Weinberger Decl., ¶ 4.

**Assets and Liabilities**

4.      The Debtor scheduled real property with an aggregate value of $2,399,000.00, located at: 334 49th Street, Brooklyn, NY (the "49th Street Property"); and 641A Baltic Street, Brooklyn, NY (the "Baltic Street Property"), and scheduled personal property including household furnishings in the amount of $800.00, a TD Bank Checking Account containing $500.00, a HSBC Checking Account containing $500.00 and a potential claim against a third-party[1] in the amount of $695,000.00, with an aggregate value of $696,475.00.  ECF Doc. No. 15, Schedules A and B; Weinberger Decl., ¶ 5.

5.      The Debtor also scheduled a 100% ownership interest in 49th Street & Wilson Realty LLC with an unknown value and a 100% ownership interest in Bergen Baltic Realty LLC with a value of $0.00.   ECF Doc. No. 15, Schedules A and B; Weinberger Decl., ¶ 6.

6.      The Debtor scheduled secured claims encumbering the properties in the amount of $770,000.00, scheduled priority tax claim in the amount of $46,379.24, and general unsecured claims with an aggregate value of 48,553.40.  ECF No. 15, Schedules D, E and F; Weinberger Decl., ¶ 7.

7.      No date has been established as the last day for creditors to file claims. Weinberger Decl., ¶ 8.

---

[1] The Debtor scheduled the claim as "Interest in surplus funds from foreclosure sale of real property owned by dead husband; property address (170 Wilson Avenue, Brooklyn, NY).  Secured Asset Management, LLC v. Estate of Ernesto A. Perez, Supreme Court of the State of New York, County of Kings, Index No. 3160/2012."  ECF Doc. No. 15, Schedule A/B.

8.      To date, the Claims Register contains one claim, filed by the Internal Revenue Service, against the Debtor in the amount of $46,379.24.  See Claims Register, Claim No. 1; Weinberger Decl., ¶ 9.

**Operations and Chapter 11 Plan**

9.      On April 12, 2016, the Court lifted the automatic stay to permit the foreclosure sale of the 49th Street Property.  ECF Doc. No. 26; Weinberger Decl., ¶ 10.

10.     The last operating report filed in the Debtor's case reveals that in June 2016, six months after the Petition Date, the Debtor had $1,283.50 in her debtor-in-possession bank account.  The Debtor's only monthly income is $1,980.00, comprising of a pension and social security income.  ECF Doc. No. 59; Weinberger Decl., ¶ 11.

11.     The Debtor's monthly operating reports for February 2016 through June 2016 are filed on outdated forms from 2004, fail to list all monthly expenses, do not include bank statements and allege transfers to a "savings account" that is not disclosed in the Debtor's Schedule A/B.  ECF Doc. No. 15, Weinberger Decl., ¶ 12.

12.     Based on the monthly operating reports filed, it is unclear whether the Debtor is current on post-petition real estate taxes or post-petition mortgage payments on the Baltic Street Property.  Weinberger Decl., ¶ 13.

13.     The Debtor owes United States Trustee Quarterly Fees in the amount of $49.50. Id., ¶ 14.

14.     The Court has not approved retention for counsel to pursue the third-party claim on behalf of the Debtor and the estate.  Id., ¶ 15.

### III. ARGUMENT

**A.    There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including

(A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
    ****

(F)    unexcused failure to timely satisfy any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(K)    failure to pay any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b)(4).

The list of factors is non exclusive.  In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).  See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case).  A party need not demonstrate that all the elements of "cause" can be met.  See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Col. 2006).  The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case.  1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997)

(bankruptcy court may dismiss Chapter 11 filing on motion or sua sponte upon a finding that the

filing was in "bad faith" even without consideration of factors set out in section 1112(b)).

> **1.      There are Continuing Losses to the Estate and No Likelihood of Rehabilitation**.

> **a.      Continuing Losses to the Estate.**

"A party seeking to demonstrate cause under § 1112(b)(4)(A) must establish both the

'substantial or continuing loss' prong as well as the 'absence of a reasonable likelihood of

rehabilitation.'" In re FRGR Managing Member LLC, 419 B.R. 576, 581 (Bankr. S.D.N.Y

2009).  An estate's liability for administrative expenses constitutes a diminution in assets.  In re

Lyons Transportation Lines, Inc., 123 B.R. 526, 531 (Bankr.W.D.Pa. 1991).  "To determine

whether there is a continuing loss or a diminution of the estate, a court must make a full

evaluation of the present condition of the estate, not merely look at a debtor's financial

statements."  In re AdBrite Corp., 290 B.R. 209, 215 (Bankr.S.D.N.Y. 2003).  There need not be

significant diminution to satisfy the first prong of section 1112(b)(4)(A).  See In re East Coast

Airways, Ltd., 146 B.R. 325, 336 (Bankr.E.D.N.Y. 1992); In re Kanterman, 88 B.R. 26, 29

(S.D.N.Y. 1988).

There are continuing losses to the estate in this case.  The Debtor cannot fund a plan of

reorganization with a modest monthly income of $1,980.00, comprising of a pension and social

security income.  See ECF Doc. No. 35.  The last operating report filed in the Debtor's case

reveals that in June 2016, six months after the Petition Date, the Debtor had only $1,283.50 in

her debtor-in-possession bank account.  Id.  The February 2016 through June 2016 monthly

operating reports do not indicate whether any post-petition real estate taxes or mortgage

payments have been paid on the Baltic Street Property.  Id.  Moreover, as this case remains in

chapter 11, administrative costs continue to accrue, which contributes to the continuing losses to

the estate and to the detriment of creditors.  See In re Lyons Transportation Lines, Inc., 123 B.R.

526, 531 (Bankr.W.D.Pa. 1991) (an estate's liability for administrative expenses constitutes a

diminution of assets); In re FRGR Managing Member LLC, 419 B.R. at 581.

        **b.**        **No Likelihood of Rehabilitation**.

"Rehabilitation means to put back in good condition and reestablish on a sound basis."

AdBrite, 290 B.R. at 216; see also In re Rundlett, 136 B.R. 376, 380 (Bankr.S.D.N.Y. 1992)

("Rehabilitation signifies that the debtor will be reestablished on a sound financial basis, which

implies establishing a cash flow from which current obligations can be met").  In individual

chapter 11 cases, "a reasonable likelihood of rehabilitation" exists where the debtor can prevent

the liquidation of his or her personal possessions.  In re Silverstein, 94 B.R. 284 (Bankr.

E.D.N.Y. 1988).

Here, there is no likelihood of rehabilitation because the Debtor has insufficient funds or

income available to fund a plan of reorganization.  See ECF Doc. No. 59.  Since the outset of the

case, the Debtor's reorganization strategy included the recovery of surplus funds generated by a

prepetition foreclosure sale of 170 Wilson Avenue, Brooklyn, NY.  The Court has not approved

retention of counsel to pursue the surplus funds on the Debtor's behalf.  See Weinberger Decl., ¶

15.  The Debtor has not proposed any alternative means by which to restructure her debt and

therefore, she appears to be unable to file or confirm a plan.  Accordingly, there is no likelihood

of rehabilitation.  11 U.S.C. § 1112(b)(4)(A).

        **2.**        **The Debtor Has Failed to File Complete Monthly Operating Reports.**

To date, the Debtor has failed to file complete February 2016 through June 2016 monthly

operating reports to include bank statements and copies of cancelled checks.  See Weinberger

Decl., ¶ 12.  Pursuant to E.D.N.Y. LBR 2015-1, the Debtor is required to file monthly operating

reports for each and every month that the Debtor is in chapter 11 in accordance with the United States Trustee Guidelines.  See E.D.N.Y. LBR 2015-1.  Here, the Debtor is using outdated forms from 2004, and has not provided copies of bank statements and cancelled checks.  Weinberger Decl., ¶ 12.

The Debtor's failure to timely file complete monthly operating reports demonstrates a disregard for its responsibilities as a debtor-in-possession.  See In re Marvel Entertainment, Inc., 140 F.3d 463, 474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest and straightforward disclosure to the Court and creditors).  The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs.  "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process."  In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); see also In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal).

In this case, the Debtor's failure to provide complete monthly operating reports including, bank statements and copies of cancelled checks, has deprived the Court, the United States Trustee and creditors of the ability to adequately monitor this case.  The Debtor's unexcused failure to timely file these complete operating reports constitutes cause for the dismissal or conversion of the Debtor's case.  See 11 U.S.C. § 1112(b)(4)(F).

**3.      The Debtor has Failed to Pay Quarterly Fees to the United States Trustee**

By statute, the Debtor is required to pay a quarterly fee to the United States Trustee for each quarter until entry of a final decree, conversion or dismissal.  28 U.S.C. § 1930(a)(6).

United States Trustee quarterly fees must be paid when due.  Id.  The Debtor is currently

delinquent on the payment of quarterly fees to the Office of the United States Trustee in the

amount of $49.50.  See 11 U.S.C. § 1930; Weinberger Decl., ¶ 14.  Section 1112(b)(4)(K)

provides that nonpayment of any fees charged under chapter 123 of title 28 is cause to convert or

dismiss a chapter 11 case.  The fees assessed pursuant to 28 U.S.C. § 1930(a)(6) fall within the

category of fees levied under chapter 123 of title 28.  In re Tornheim, 181 B.R. 161 (Bankr.

S.D.N.Y. 1995). The Debtor's failure to meet its financial obligations by the payment of

quarterly fees is a basis for the dismissal of this case, pursuant to 11 U.S.C. § 1112(b).  See

Tornheim, 181 B.R. at 161 (failure to pay quarterly fees, without more, provides cause to dismiss

or convert case); see also In re Hi-Toc Development Corp., 159 B.R. 691 (S.D.N.Y. 1993).

Cause, therefore, exists to convert this case under Section 1112(b)(4)(K).

**B.**     **There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor

and other parties in interest to show that there are "unusual circumstances establishing that

conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. §

1112(b)(2).  See also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M.D. Pa.

2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are

unusual circumstances under section 1112(b)(2)).

Section 1112(b)(2) provides:

> (2) The court may not convert a case under this chapter to a case under
> chapter 7 or dismiss a case under this chapter if the court finds and
> specifically identifies unusual circumstances establishing that converting
> or dismissing the case is not in the best interests of creditors and the estate,
> and the debtor or any other party in interest establishes that --

> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate. There is also no likelihood of plan confirmation within a reasonable time.

**C.      Dismissal is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate." 11 U.S.C. § 1112(b); see also In re Gonic Realty Trust, 909 F.2d 624, 626-76 (1st Cir.1990) (the bankruptcy court has broad discretion to convert or dismiss a chapter 11 case). Under the facts, this case should be dismissed, rather than converted. The Debtor does not appear to have any unencumbered assets to be liquidated, and the Debtor's secured creditors will be able to exercise its state law remedies against the Debtor outside of bankruptcy. The Court should, therefore, dismiss this case.

## IV. <u>NOTICE</u>

The United States Trustee will serve the Notice of Motion and this Memorandum of Law upon the Debtor, Debtor's counsel and parties who have filed Notices of Appearance in the case. Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this motion and dismissing this chapter 11 case or, in the alternative, converting the Debtor's chapter 11 case to chapter 7, and granting such other and further relief as is just and proper.

Dated: New York, New York
      August 5, 2016

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Rachel B. Weinberger*
Rachel B. Weinberger (RW-5767)
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255